UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDGE SWAIN

07 CIV 3894

MELISSA ALMANZAR AND KELVIN ALMANZAR,

        Plaintiffs,

-against-           **COMPLAINT**

THOMAS HANKA, SHARON LINARI,
TRISTAR TITLE, LLC, and
TRISTAR TITLE AGENCY, LLC,

        Defendants.
------------------------------------------------------------X



RECEIVED MAY 17 2007 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiffs, by their attorneys, AKIN & SMITH, LLC complains of defendants upon information and belief as follows:

1. This action is brought in Federal Court based upon diversity of citizenship.

2. There exists complete diversity of citizenship and the amount in controversy exceeds $100,000.

3. The acts which created these causes of action arose in the State of New York, within the Southern District of New York.

4. Plaintiffs complain pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiffs have suffered as a result of being harassed, discriminated against, and assaulted discharged by Plaintiffs' former employer and unlawfully retaliated against.

5. Plaintiffs are residents of the State of New Jersey.

6. Plaintiffs are married to each other.

7. Defendant TRISTAR TITLE, LLC was at all times relevant an Illinois Limited Liability Company which did business in New York.

8. Defendant TRISTAR TITLE AGENCY, LLC was at all times relevant an Illinois Limited Liability Company which did business in New York.

9. At all times material, Defendants TRISTAR TITLE, LLC and TRISTAR TITLE AGENCY, LLC had an office at 50 Broad Street, Suite 737, New York, NY.

10. Defendant THOMAS HANKA was at all times relevant an employee of Defendants TRISTAR TITLE, LLC and/or TRISTAR TITLE AGENCY, LLC.

11. Defendant THOMAS HANKA was at all times relevant an owner of Defendants TRISTAR TITLE, LLC and/or TRISTAR TITLE AGENCY, LLC.

12. Defendant THOMAS HANKA was at all times a supervisor of Plaintiffs.

13. Defendant THOMAS HANKA is at all times not a citizen of the State of New Jersey.

14. Defendant SHARON LINARI was at all times relevant an employee of Defendants TRISTAR TITLE, LLC and/or TRISTAR TITLE AGENCY, LLC.

15. Defendant SHARON LINARI was at all times relevant an owner of Defendants TRISTAR TITLE, LLC and/or TRISTAR TITLE AGENCY, LLC.

16. Defendant SHARON LINARI was at all times a supervisor of Plaintiffs.

17. Defendant SHARON LINARI was at all times not a citizen of the State of New Jersey.

18. Plaintiff MELISSA ALMANZAR began working for Defendants around July 31, 2006.

19. Plaintiff MELISSA ALMANZAR began working for Defendants around July 31, 2006 as an Operations Manager.

20. Plaintiff KELVIN ALMANZAR also began working for Defendants around July 31, 2006.

21. Plaintiff MELISSA ALMANZAR was earning approximately $70,000 per year.

22. Plaintiff KELVIN ALMANZAR was earning approximately $40,000 per year.

23. Defendants would make inappropriate, offensive and discriminatory remarks to Plaintiffs.

24. On one such occasion, Defendant SHARON LINARI told Plaintiff KELVIN ALMANZAR "Why is your name Kelvin? You should have a Mexican name because you look Mexican."

25. Around the end of November 2006, Plaintiff MELISSA ALMANZAR found out that she was pregnant and later advised Defendants of same.

26. As soon as Plaintiff told Defendants that she was pregnant, Defendants began to treat Plaintiff much differently.

27. As soon as Plaintiff told Defendants that she was pregnant, Defendants began to make MELISSA ALMANZAR's work life difficult to tolerate.

28. Around January 15, 2007, Defendant SHARON LINARI told made the comment that "Tom [Defendant THOMAS HANKA] and I agree that Melissa [Plaintiff MELISSA ALMANZAR] won't not be able to do her job pregnant."

29. Thereafter on or about January 16, 2007, Defendants placed a job offering advertisement to replace Plaintiff MELISSA ALMANZAR.

30. Thereafter, around February 12, 2007, Plaintiff MELISSA ALMANZAR was fired.

31. Plaintiff MELISSA ALMANZAR was fired because she was pregnant.

32. The above are just some of the examples and this type of behavior occurred to Plaintiff on a daily, continuous and pervasive manner.

33. Defendants treated Plaintiff MELISSA ALMANZAR. differently because of her gender, disability and pregnancy.

34. Defendants thereafter fired Plaintiff KELVIN ALMANZAR in retaliation for his opposition to Plaintiff MELISSA ALMANZAR's wrongful termination.

35. Plaintiffs have been unlawfully discriminated against, was humiliated, retaliated against, has been degraded and belittled; and as a result suffer loss of rights, emotional distress, loss of income, and earnings.

36. Plaintiffs' performance was, upon information and belief, above average during the course of employment with the defendants.

37. Defendant's actions and conduct were intentional and intended to harm the Plaintiff.

38. After Plaintiffs protested to Defendants, Plaintiffs became the subject of discriminatory retaliation by Defendants.

39. As a result of defendants' actions, Plaintiffs felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

40. As a result of the defendants' discriminatory and intolerable treatment of Plaintiffs, they suffered severe emotional distress and physical ailments.

41. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiffs have also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and

other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

42. As a result of the above Plaintiffs have been damaged in an amount in excess of the jurisdiction of all lower courts.

43. As Defendants' conduct has been willful, outrageous, done with full knowledge of the law, and malicious, Plaintiffs also demand punitive damages against Defendants.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

44. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

46. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiffs because of gender, pregnancy, disability and sexual harassment, as well as actual and/or perceived race and national origin.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

47. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

49. Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiffs because of Plaintiffs' opposition to the unlawful employment practices of Plaintiffs' employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

50. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

52. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

55. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiffs because of gender, pregnancy, disability and sexual harassment, as well as actual and/or perceived race and national origin.

## AS A FIFTH CAUSE OF ACTION

## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

> "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

58. Each of the Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiffs because of Plaintiffs' opposition to the unlawful employment practices of Plaintiffs' employer.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

61. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NEW YORK CITY
### ADMINISTRATIVE CODE

62. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

64. Defendants violated the herein section as set forth herein.

### AS A EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NEW YORK CITY
### ADMINISTRATIVE CODE

65. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

67. Defendants violated the herein section as set forth herein.

## AS A NINTH CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM

68. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. Plaintiffs, at all times were the spouses of one another.

70. As a result of the defendants' actions, the plaintiffs have been deprived, in part, of the love, society, services and companionship of one another.

71. As such, Defendant are liable to the Plaintiffs therefore.

## INJURY AND DAMAGES

72. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiffs have also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by state common law, New York State Executive Law §296 et. Seq. and The New York

City Administrative Code Title 8, §8-107 et. Seq.; and that the Defendants harassed, discriminated against, constructively discharged, and retaliated against Plaintiffs on the basis of sex, gender, disability and actual and/or perceived race and national origin;

B. Awarding damages to the Plaintiffs, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful termination of employment and to otherwise make Plaintiffs whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiffs compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in a amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiffs punitive damages;

E. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding plaintiff compensatory damages for loss of consortium.

G. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated:    New York, NY
          May 15, 2007

                                        AKIN & SMITH, LLC

                                        By: _____
                                            Derek T. Smith (DTS 1747)


                                        Attorneys for Plaintiffs
                                        305 Broadway
                                        Suite 1101
                                        New York, NY 10007
                                        (212) 587-0760

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket #
-------------------------------------------------------------------X

MELISSA ALMANZAR AND KELVIN ALMANZAR,

                          Plaintiffs,
       -against-

THOMAS HANKA, SHARON LINARI,
TRISTAR TITLE, LLC, and
TRISTAR TITLE AGENCY, LLC,

                         Defendants.
-------------------------------------------------------------------X

---------------------------------------------------------------

**COMPLAINT**

---------------------------------------------------------------

AKIN & SMITH, LLC
Attorneys for Plaintiffs
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760