UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MELISSA ALMANZAR and KELVIN ALMANZAR,

        Plaintiffs,

-v-                                 No. 07 Civ. 3894 (LTS)(HBP)

THOMAS HANKA, et al.,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 7 2007

## ORDER

      WHEREAS, this action was commenced by the filing of a Complaint on May 17, 2007; and

      WHEREAS, the Court has reviewed such Complaint to ascertain the basis for assertion of subject matter jurisdiction in this court; and

      WHEREAS, such Complaint asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but the Complaint fails to allege Plaintiffs' citizenship and the citizenship of each member of each Defendant LLC; and

      WHEREAS, for purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656-57 (S.D.N.Y. 2004); and

      WHEREAS, for purposes of diversity jurisdiction, the citizenship of an artificial business entity other than a corporation is determined by reference to the citizenship of its members, see C.T. Carden v. Arkoma Associates, 494 U.S. 185 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999); and

      WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action;" it is hereby

ORDERED, that plaintiff shall, no later than **June 15, 2007,** file and serve a Supplement to the Complaint containing allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.


Dated: New York, New York
       June 7, 2007

                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge