LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    Sharon Linari and Tristar Title, LLC
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

| | |
|---|---|
| MELISSA and KELVIN ALMANZAR, | No. 07 CIV 3894 (LTS) |
|         Plaintiffs, | |
| -against- | **ANSWER** |
| THOMAS HANKA, SHARON LINARI, TRISTAR TITLE, LLC and TRISTAR TITLE AGENCY, LLC, | |
|         Defendants. | |

────────────────────────────────

      Defendants Sharon Linari and Tristar Title, LLC, also known as Tristar Title Agency, ("Tristar") (collectively "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby answer the Complaint of Melissa Almanzar and Kelvin Almanzar ("Plaintiffs") as follows:

      1.    Defendants admit that Plaintiffs bring this action in Federal Court and that Plaintiffs purport to bring such action based on diversity of citizenship.

      2.    Defendants admit that the amount in controversy exceeds $100,000 but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

      3.    Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      Defendants state that the allegations contained in paragraph 4 of the Complaint constitute legal argument and conclusions to which no response is required.   To the extent paragraph 4 contains allegations of fact, Defendants deny same.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint except to admit that Tristar had an office at 50 Broad Street, Suite 737, in New York, New York.

10.      Defendants deny the allegations of paragraph 10 of the Complaint.

11.      Defendants deny the allegations contained in paragraph 11 of the Complaint except to admit that Thomas Hanka was an owner of Tristar.

12.      Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.      Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.      Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.      Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.      Defendants admit that Defendant Sharon Linari is not a resident of the State of New Jersey.

18.    Defendants admit that Plaintiff Melissa Almanzar began working for Tristar around July 31, 2006 but otherwise deny the allegations contained in paragraph 18 of the Complaint.

19.    Defendants admit that Plaintiff Melissa Almanzar began working for Tristar as an Operations Manager around July 31, 2006 but otherwise deny the allegations contained in paragraph 19 of the Complaint.

20.    Defendants admit that Plaintiff Kelvin Almanzar began working for Tristar around July 31, 2006 but otherwise deny the allegations contained in paragraph 20 of the Complaint.

21.    Defendants admit the allegations contained in paragraph 21 of the Complaint.

22.    Defendants admit the allegations contained in paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.    Defendants admit that at some point Plaintiff Melissa Almanzar informed Defendants that she was pregnant, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint except to admit that an advertisement was placed for an Agency Manager.

30.    Defendants admit that around February 12, 2007, Plaintiff Melissa Almanzar was discharged from her employment at Tristar but otherwise deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendants deny the allegation contained in paragraph 34 of the Complaint.

35.    Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of the Complaint.


## FIRST CAUSE OF ACTION FOR
## DISCRIMINATION UNDER STATE LAW

44.    Defendants repeat and incorporate their responses to paragraphs 1 through 43 as if fully set forth herein.

45.    Defendants state that the allegations contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.


## SECOND CAUSE OF ACTION FOR
## DISCRIMINATION UNDER STATE LAW

47.    Defendants repeat and incorporate their responses to paragraphs 1 through 46 as if fully set forth herein.

48.    Defendants state that the allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required.

49.    Defendants deny the allegations contained in paragraph 49 of the Complaint.

### THIRD CAUSE OF ACTION FOR
### DISCRIMINATION UNDER STATE LAW

50.    Defendants repeat and incorporate their responses to paragraphs 1 through 49 as if fully set forth herein.

51.    Defendants state that the allegations contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

### FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53.    Defendants repeat and incorporate their responses to paragraphs 1 through 52 as if fully set forth herein.

54.    Defendants state that the allegations contained in paragraph 54 of the Complaint constitute legal conclusions to which no response is required.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

56.    Defendants repeat and incorporate their responses to paragraphs 1 through 55 as if fully set forth herein.

57.    Defendants state that the allegations contained in paragraph 57 of the Complaint constitute legal conclusions to which no response is required.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

## SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59.     Defendants repeat and incorporate their responses to paragraphs 1 through 58 as if fully set forth herein.

60.     Defendants state that the allegations contained in paragraph 60 of the Complaint constitute legal conclusions to which no response is required.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

## SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62.     Defendants repeat and incorporate their responses to paragraphs 1 through 61 as if fully set forth herein.

63.     Defendants state that the allegations contained in paragraph 63 of the Complaint constitute legal conclusions to which no response is required.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

## EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65.     Defendants repeat and incorporate their responses to paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants state that the allegations contained in paragraph 66 of the Complaint constitute legal conclusions to which no response is required.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

## NINTH CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM

68.     Defendants repeat and incorporate their responses to paragraphs 1 through 67 as if fully set forth herein.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Complaint.

## INJURY AND DAMAGES

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

Defendants further deny that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any relief at all, against Defendants.

## DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Each and every action taken by Defendants with regard to Plaintiffs was based on legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRD DEFENSE

If the complained of conduct occurred, Plaintiffs' claims are barred, in whole or in part, because Defendants took reasonable measure to prevent and correct unlawful harassing behavior

and Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants.

<u>FOURTH DEFENSE</u>

Insofar as Plaintiffs purport to allege claims for physical or mental emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York State Workers' Compensation Law.

<u>FIFTH DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

<u>SIXTH DEFENSE</u>

To the extent that Plaintiffs engaged in misconduct, fraud, violation of employer policies, or other conduct that would have resulted the termination of their employment by Tristar, Plaintiffs' damages, if any, are barred by the doctrine of after-acquired evidence.

<u>SEVENTH DEFENSE</u>

Defendants are not liable for punitive or compensatory damages because, at all times relevant, it acted in good faith.

<u>EIGHTH DEFENSE</u>

Defendants are not liable for attorney fees.

<u>NINTH DEFENSE</u>

Plaintiffs fail to state a claim for loss of consortium and cannot recover for such under the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq*., or New York City Human Rights Law, N.Y.C. Admin. Code Title 8.

Defendants reserve the right to file and serve additional defenses.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: June 20, 2007
        New York, New York

                                        /s/  Andrew P. Marks
                                        Andrew P. Marks (AM-0361)
                                        Jeannine R. Idrissa (JI-1009)
                                        LITTLER MENDELSON, P.C.
                                        885 Third Avenue, 16th Floor
                                        New York, NY  10022.4834
                                        212.583.9600
                                        Attorneys for Defendants
                                           Sharon Linari and Tristar Title, LLC

LITTLER MENDELSON
A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600
Attorneys for Defendants
Sharon Linari and Tristar Title, LLC


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MELISSA and KELVIN ALMANZAR

                    Plaintiffs,                                    Case No. 07 CIV 3894 (LTS)

          -against-

THOMAS HANKA, SHARON LINARI,                      **CERTIFICATE OF SERVICE**
TRISTAR TITLE, LLC and TRISTAR TITLE
AGENCY, LLC                                                          Electronically Filed

                    Defendants.

───────────────────────────────


          Andrew P. Marks, of full age, hereby certifies as follows:

          1.     I am a shareholder with the firm of Littler Mendelson, P.C., counsel for

Defendants Tristar Title, LLC and Sharon Linari, an individual, in the above-captioned action.  I

am familiar with the facts set forth in this Certification.

          2.     On June 20, 2007, I caused a true and complete copy of Defendant Sharon Linari

and Tristar Title, LLC's Answer to the Complaint to be electronically filed with the Clerk of the

District Court using the CM/ECF systems, which sent notification of such filing to the following:

                    Derek T. Smith (DTS 1747)
                    Akin & Smith, LLC
                    Attorneys for Plaintiffs
                    305 Broadway, Suite 1101
                    New York, NY 10007
                    (212) 587-0760

3.    I certify that the foregoing statements made by me are true.  I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Andrew P. Marks
Andrew P. Marks (AM-0361)

Dated: June 20, 2007

Firmwide:82658154.1 046687.1056