**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MELISSA ALMANZAR and KELVIN
ALMANZAR,

          Plaintiffs,

       -against-

THOMAS HANKA, SHARON LINARI, TRISTAR
TITLE, LLC and TRISTAR TITLE AGENCY, LLC,

          Defendants.

Case No. 07 CIV 3894 (LTS) (HBP)

**PRELIMINARY**
**PRE-TRIAL STATEMENT**

        After conferring pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in accordance with the Court's June 5, 2007 Initial Conference Order, Plaintiffs Melissa and Kelvin Almanzar (collectively "Plaintiffs") and Defendants Tristar Title, LLC ("Tristar") and Sharon Linari ("Linari") (collectively "Defendants") hereby submit the following Preliminary Pre-Trial Statement:

      **A.**    **Nature of the Action**

        This is an employment discrimination case. Plaintiffs allege they were harassed and discriminatorily discharged from their employment at Tristar based their gender, pregnancy, sex, disability, race and national origin in violation of the New York State Executive Law § 296 and the New York City Administrative Code § 8-107. They also allege that Plaintiff Kelvin Almanzar was discharged in retaliation for complaining about Melissa Almanzar's discharge, in violation of the same laws. Plaintiffs also allege loss of consortium as a result of defendants' actions.

**B.    Court's Jurisdiction**

      **1.    Plaintiffs' Basis for Jurisdiction:** The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).  Defendant Sharon Linari is a citizen of Virginia.  Defendant Tristar Title, LLC is a citizen of Illinois, where it was incorporated.  *See* 28 U.S.C. § 1332(c).  Plaintiffs allege they are citizens of New Jersey and it is alleged that Thomas Hanka ("Hanka") is a citizen of Illinois.  This court also has personal jurisdiction over Tristar and Linari under New York's long arm statute, N.Y. C.P.L.R. §§ 302 (a)(1), since Tristar and Linari transacted business in the State of New York.

      **2.    Defendants' Basis for Jurisdiction:** The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).  Defendant Sharon Linari is a citizen of Virginia.  Defendant Tristar Title, LLC is a citizen of Illinois, where it was incorporated.  *See* 28 U.S.C. § 1332(c).  Plaintiffs allege they are citizens of New Jersey and it is alleged that Thomas Hanka ("Hanka") is a citizen of Illinois.  This court also has personal jurisdiction over Tristar and Linari under New York's long arm statute, N.Y. C.P.L.R. §§ 302 (a)(1), since Tristar and Linari transacted business in the State of New York.

**C.    Material Uncontested Facts**

      The parties do not contest that Plaintiffs were employed by Tristar from on or about July 31, 2006, and discharged on or about February 12, 2007.

**D.    Material Uncontested Legal Issues**

      The parties do not contest that Tristar was an employer within the meaning of the New York Human Rights Law, N.Y. Exec. Law § 292(5), or the New York City Administrative Code § 8-102(5).  The parties do not contest that Plaintiffs are employees under the New York Human Rights Law,  N.Y. Exec. Law § 292(6) or "persons" within the meaning of the New York City Administrative Code § 8-102(1).

E.      **Legal Issue to be Decided by the Court**

The legal issues to be decided by the Court are as follows:

1.      Whether Plaintiffs were unlawfully harassed during their employment with Tristar in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, or the New York City Administrative Code §8-107?

2.      Whether Plaintiffs were discriminatorily discharged from their employment with Tristar in violation of New York State Human Rights Law, N.Y. Exec. Law § 296, or the New York City Administrative Code §8-107?

3.      Whether Plaintiff Kelvin Almanzar was discharged in retaliation for his alleged complaint regarding the termination of Melissa Almanzar in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, or the New York City Administrative Code §8-107?

4.      Whether any or all of the defendants can be held liable for any discrimination, harassment or retaliation that allegedly occurred under the New York State Human Rights Law, or the New York City Administrative Code?

F.      **Material Disputed Facts**

1.      **Plaintiffs' Disputed Facts:** All facts alleged in the Complaint are disputed except those admitted by Defendants.

2.      **Defendants' Disputed Facts:**  All facts alleged in the Complaint are disputed except those admitted by Defendants.

G.      **Legal Basis of Each Cause of Action Asserted by Plaintiffs**

- Executive Law § 296 provides that  "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to

discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

- New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

- New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

- The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

- The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

- The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

- New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or

interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

- New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      (1) the employee or agent exercised managerial or supervisory responsibility; or

      (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

      (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

   **H.     Legal Basis of Each Defense**

At this time, Defendants are unable to cite to all authority that may be applicable to their defenses since only limited discovery has been taken on this matter. Moreover, citing to certain cases upon which Defendants intend to rely would reveal defense strategy and therefore be

detrimental to Defendants' case.  Defendants reserve the right to assert additional defenses and to support their defenses with additional authority.  Nevertheless, Defendants provide the following as support for the defenses they have asserted in their Answer to the Complaint:

1. **Plaintiffs fail to state a claim upon which relief can be granted.** Defendants intend to rely upon the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., including § 296, and the New York City Administrative Code § 8-101 et seq., including § 8-107 and § 8-502, as well as cases setting forth the requirements for asserting, and proving a case of discrimination, harassment and/or retaliation under those laws, and  cases setting forth who can be held liable for such discrimination, harassment and/or retaliation.

2. **Each and every action taken by Defendants with regard to Plaintiffs was based on legitimate, non-discriminatory and non-retaliatory reasons.**  Defendants intend to rely upon the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., including  § 296 and the New York City Administrative Code, § 8-101 et seq., including §8-107, as well as cases setting forth the standards for proving a case of discrimination, or retaliation under said laws.

3. **If the complained of conduct occurred, Plaintiffs' claims are barred, in whole or in part because Defendants took reasonable measure to prevent and correct unlawful harassing behavior and Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants.**  Defendants intend to rely on the New York City Administrative Code §8-107(13), Burlington Ind., Inc. v. Ellerth, 524 U.S. 742, 765 (1998), Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998), Totem Taxi, Inc. v. N.Y. State Human Rights Appeal Bd., 65 N.Y.2d 300 (N.Y. 1985) as well as other decisions espousing the same or similar principles.

4.     **Insofar as Plaintiffs purport to allege claims for physical or mental emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provision of the New York State Workers' Compensation Law.**  To the extent Plaintiffs claims assert no more than a negligence based claim against the Defendants, Defendants intend to rely upon the New York Workers Compensation Law, N.Y. Work. Comp. Law § 11 as well as case law interpreting the exclusive remedy provision of this law.

5.     **To the extent Plaintiffs failed to mitigate damages, their claims for damages are barred.**  Defendants intend to rely upon <u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47 (2d Cir. 1998) as well as other decisions espousing the same or similar principles.

6.     **To the extent that Plaintiffs engaged in misconduct, fraud, violation of employer policies, or other conduct that would have resulted in the termination of their employment by Tristar, Plaintiffs' damages, if any, are barred by the doctrine of after acquired evidence.**  Defendants intend to rely upon <u>Moodie v. Fed. Reserve Bank of N.Y.</u>, 831 F. Supp. 333 (S.D.N.Y. 1993) as well as other decisions espousing the same or similar principles.

7.     **Defendants are not liable for punitive or compensatory damages because, at all times, they acted in good faith.** Defendants intend to rely upon the New York State Human Rights Law, N.Y. Exec. Law § 297, the New York City Administrative Code §§ 8-107(13) and 8-502,  as well as judicial decisions espousing the same or similar principles.

8.     **Defendants are not liable for attorneys fees.**   Defendants intend to rely upon the New York State Human Rights Law, N.Y. State Exec. Law § 290 et seq., the New York City Administrative Code § 8-502  as well as <u>Lightfoot v. Union Carbide Corp.</u>, 110 F.3d 898 (2d Cir. 1997), *on remand*, 1997 WL 543076 (S.D.N.Y. Sep. 4, 1997), *aff'd*, 175 F.3d 1008 (2d Cir.

1999), <u>McGrath v. Toys "R" Us, Inc.</u>, 3 N.Y.3d 421 (N.Y. 2004) and other decisions espousing the same or similar principles.

       **9.**     **Plaintiffs fail to state a claim for loss of consortium and cannot recover for such under the New York Human Rights Law or New York City Human Rights Law.** Defendants intend to rely upon the Restatement 2d Torts § 693, <u>Moss v. Stinnes Corp.</u>, 169 F.3d 784 (2d Cir. 1999); <u>Burrell v. AT&T Corp.</u>, No. 03 Civ. 2490 (SAS), 2005 WL 2656124 (S.D.N.Y. Oct. 18, 2005); <u>Collins v. Willcox, Inc.</u>, 600 N.Y.S.2d 884 (N.Y. Sup. Ct. 1992) and other decisions espousing the same or similar principles.

       **I.**     **Measure and Burden of Proof**

     Plaintiffs must prove a prima facie case of harassment, discrimination or retaliation by a preponderance of the evidence. <u>See</u> <u>St. Mary's Honor v. Hicks</u>, 509 U.S. 502, 506 (1993); <u>Evans v. The City of New York</u>, No. 00 Civ. 4197 (BSJ), 2003 WL 22339468, *7 (S.D.N.Y. Oct. 14, 2003). <u>See</u> also <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-803 (1973). With respect to the discrimination and retaliation claims, if Plaintiffs make a prima facie showing, Defendants must then merely produce evidence of a legitimate, non-discriminatory, or non-retaliatory (as the case maybe) reason for the alleged adverse employment action that if believed by the trier of fact, would support a finding that unlawful discrimination or retaliation not the cause of the alleged action. <u>See</u> <u>St. Mary's Honor</u>, 509 U.S. at 506-507. However, the ultimate burden of persuasion remains with Plaintiffs who must then rebut the legitimate reason offered by the Defendants by demonstrating that Defendants' proffered reason for the alleged adverse action is false and that discrimination was the real reason for the decision. <u>See</u> <u>id</u>. at 508. With respect to harassment claims, if Plaintiffs establish a prima facie case of harassment, and that Tristar became a party to the harassing conduct by encouraging, condoning or approving of it. <u>See</u> <u>Totem Taxi, Inc.</u>, 65

N.Y.2d 300.  Defendants bear the burden of establishing the affirmative defense set forth in Burlington Ind., Inc., 524 U.S. 742 and Faragher, 524 U.S. 775.

      **J.**     **Amendments to Pleadings**

      Plaintiffs' Submission: The pleadings may be Amended no later than October 31, 2007

      Defendants' Submission: Plaintiffs did not include a jury demand in their complaint but intend to amend their pleadings to add a jury demand.  Defendants intend to oppose any such motion.  The proposed deadline for any motions to amend pleadings shall be October 31, 2007.

      **K.**     **Trial by Magistrate Judge**

      The parties do not consent to trial by a Magistrate Judge.

      **L.**     **Changes to Fed. Civ. P. 26(a) Disclosures**

      The parties do not propose any changes to the disclosures required by Fed. R. Civ. P. 26(a).  Plaintiffs served their initial disclosures on August 16, 2007.  Defendants will serve their disclosures no later than 14 days from the September 21, 2007 initial conference with the Court.

      **M.**     **Subjects of Discovery and Proposed Discovery Cut-off Date**

      Discovery is needed on the work environment Plaintiffs were exposed to while employed by Tristar, the reasons for the termination of their employment with Tristar, and damages allegedly suffered as a result of the conduct alleged in the Complaint.  The proposed discovery cut-off date is May 30, 2008.

      **N.**     **Expert Evidence and Deadlines**

      To the extent Plaintiffs provide evidence of physical, psychological or emotional damage which they claim resulted from Defendants' conduct, Defendants anticipate employing the use of an expert to rebut any such allegations.  Plaintiffs will designate any expert witnesses within twenty-one (21) days of the discovery cut-off date.  Defendants will designate their expert witnesses within twenty-one (21) days of Plaintiff's deadline to designate their expert witnesses.

All expert witness discovery shall be completed within ninety (90) days of the close of fact discovery.

### O.     Changes to Discovery Limitations

Defendants responses to Plaintiffs' document requests shall not be served until a protective order has been entered.   Providing that a protective order has been entered, Defendants' responses will be due as set forth in Fed. R. Civ. P. 34(b) or as agreed to by the parties.   No other changes to discovery limitations are anticipated at this time.

### P.     Settlement

No settlement offers or demands have been made.

### Q.     Jury

Plaintiffs did not include a jury demand in the Complaint.  Plaintiffs will amend or, if necessary, intend to move to amend their complaint to add a jury demand.  Defendants will oppose this motion.

### R.     Other Orders under Fed. R. Civ. P. 16(b), 16(c) or 26(c)

The parties propose that any dispositive motions be made within sixty (60) days of the close of expert discovery.  They do not anticipate extensive electronic discovery.  The parties have further agreed, with the approval of this court, to enter into a protective order and to seal certain portions of the depositions in this matter, to be opened only by order of this Court.


__/s/_____          _/s/Jeannine Idrissa_____
Derek T. Smith (DTS 1747)                      Jeannine Idrissa (JI-1009)
**AKIN & SMITH, LLC**                          **LITTLER MENDELSON**
305 Broadway, Suite 1101                          A Professional Corporation
New York, New York 10007                       885 Third Avenue, 16th Floor
212.587.0760                                   New York, NY  10022.4834
Attorneys for Plaintiffs                       212.583.9600
   Melissa Almanzar and Kelvin Almanzar        Attorneys for Defendants
                                                  Tristar Title, LLC and Sharon Linari

Firmwide:83101617.1 046687.1056