**LITTLER MENDELSON**
A Professional Corporation
Attorneys for Defendants
    Thomas Hanka, Sharon Linari and Tristar Title, LLC
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA and KELVIN ALMANZAR, | No. 07 CIV 3894 (LTS) (HBP) |
| Plaintiffs, | |
| -against- | **ANSWER** |
| THOMAS HANKA, SHARON LINARI, TRISTAR TITLE, LLC and TRISTAR TITLE AGENCY, LLC, | |
| Defendants. | |

Defendant Thomas Hanka ("Defendant"), by and through his attorneys, Littler Mendelson, P.C., hereby answer the Complaint of Melissa Almanzar and Kelvin Almanzar ("Plaintiffs") as follows:

1. Defendant admits that Plaintiffs bring this action in Federal Court and that Plaintiffs purport to bring such action based on diversity of citizenship.

2. Defendant admits that the amount in controversy exceeds $100,000 but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant states that the allegations contained in paragraph 4 of the Complaint constitute legal argument and conclusions to which no response is required. To the extent paragraph 4 contains allegations of fact, Defendant denies same.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint except to admit that Tristar Title, LLC had an office at 50 Broad Street, Suite 737, in New York, New York.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint except to admit that Thomas Hanka was an owner of Tristar Title, LLC.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that he has not been a citizen of the State of New Jersey.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant admit that Plaintiff Melissa Almanzar began working for Tristar Title, LLC around July 31, 2006 but otherwise denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff Melissa Almanzar began working for Tristar Title, LLC as an Operations Manager around July 31, 2006 but otherwise denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff Kelvin Almanzar began working for Tristar Title, LLC around July 31, 2006 but otherwise denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant admits that at some point Plaintiff Melissa Almanzar informed Defendants that she was pregnant, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint except to admit that an advertisement was placed for an Agency Manager.

30. Defendant admits that around February 12, 2007, Plaintiff Melissa Almanzar was discharged from her employment at Tristar Title, LLC but otherwise deny the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendants denies the allegation contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

**FIRST CAUSE OF ACTION FOR
DISCRIMINATION UNDER STATE LAW**

44. Defendant repeats and incorporates his responses to paragraphs 1 through 43 as if fully set forth herein.

45. Defendant states that the allegations contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

**SECOND CAUSE OF ACTION FOR
DISCRIMINATION UNDER STATE LAW**

47. Defendant repeats and incorporates his responses to paragraphs 1 through 46 as if fully set forth herein.

48. Defendant states that the allegations contained in paragraph 48 of the Complaint constitute legal conclusions to which no response is required.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

### THIRD CAUSE OF ACTION FOR
### DISCRIMINATION UNDER STATE LAW

50. Defendant repeats and incorporates his responses to paragraphs 1 through 49 as if fully set forth herein.

51. Defendant states that the allegations contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

### FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Defendants repeat and incorporate their responses to paragraphs 1 through 52 as if fully set forth herein.

54. Defendants state that the allegations contained in paragraph 54 of the Complaint constitute legal conclusions to which no response is required.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

56. Defendant repeats and incorporates his responses to paragraphs 1 through 55 as if fully set forth herein.

57. Defendant states that the allegations contained in paragraph 57 of the Complaint constitute legal conclusions to which no response is required.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

### SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Defendant repeats and incorporates his responses to paragraphs 1 through 58 as if fully set forth herein.

60. Defendant states that the allegations contained in paragraph 60 of the Complaint constitute legal conclusions to which no response is required.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

### SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Defendant repeats and incorporates his responses to paragraphs 1 through 61 as if fully set forth herein.

63. Defendant states that the allegations contained in paragraph 63 of the Complaint constitute legal conclusions to which no response is required.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

### EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Defendant repeats and incorporates his responses to paragraphs 1 through 64 as if fully set forth herein.

66. Defendant states that the allegations contained in paragraph 66 of the Complaint constitute legal conclusions to which no response is required.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

## NINTH CAUSE OF ACTION
## FOR LOSS OF CONSORTIUM

68. Defendant repeats and incorporates his responses to paragraphs 1 through 67 as if fully set forth herein.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

## INJURY AND DAMAGES

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

Defendants further deny that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any relief at all, against Defendants.

## DEFENSES

### FIRST DEFENSE

The court lacks personal jurisdiction over Defendant because he has not been properly served with a summons and complaint.

### SECOND DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

Each and every action taken by defendants with regard to Plaintiffs was based on legitimate, non-discriminatory and non-retaliatory business reasons.

## FOURTH DEFENSE

If the complained of conduct occurred, Plaintiffs' claims are barred, in whole or in part, because defendants took reasonable measure to prevent and correct unlawful harassing behavior and Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by defendants.

## FIFTH DEFENSE

On information and belief, Plaintiffs have failed to comply with the administrative prerequisites for filing a civil action.

## SIXTH DEFENSE

Insofar as Plaintiffs purport to allege claims for physical or mental emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York State Workers' Compensation Law.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

## EIGHTH DEFENSE

To the extent that Plaintiffs engaged in misconduct, fraud, violation of employer policies, or other conduct that would have resulted the termination of their employment by Tristar Title, LLC, Plaintiffs' damages, if any, are barred by the doctrine of after-acquired evidence.

## NINTH DEFENSE

Defendants are not liable for punitive or compensatory damages because, at all times relevant, it acted in good faith.

## TENTH DEFENSE

Defendants are not liable for attorney fees.

## ELEVENTH DEFENSE

Plaintiffs fail to state a claim for loss of consortium and cannot recover for such under the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, or New York City Human Rights Law, N.Y.C. Admin. Code Title 8.

Defendant reserves the right to file and serve additional defenses.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: October 1, 2007

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants
Thomas Hanka, Sharon Linari and Tristar Title, LLC

By: /s/  Jeannine R. Idrissa
    Jeannine R. Idrissa

**LITTLER MENDELSON**
A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600
Attorneys for Defendants
Thomas Hanka, Sharon Linari and Tristar Title, LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MELISSA and KELVIN ALMANZAR

        Plaintiffs,                        Case No. 07 CIV 3894 (LTS)

        -against-

THOMAS HANKA, SHARON LINARI,        **CERTIFICATE OF SERVICE**
TRISTAR TITLE, LLC and TRISTAR TITLE
AGENCY, LLC

                                                  Electronically Filed

        Defendants.

      Jeannine Idrissa, of full age, hereby certifies as follows:

      1.     I am an Associate with the firm of Littler Mendelson, P.C., counsel for Defendants Tristar Title, LLC, Thomas Hanka, and Sharon Linari in the above-captioned action. I am familiar with the facts set forth in this Certification.

      2.     On October 1, 2007, I caused a true and complete copy of Defendant Thomas Hanka's Answer to the Complaint to be electronically filed with the Clerk of the District Court using the CM/ECF systems, which sent notification of such filing to the following:

> Derek T. Smith
> Akin & Smith, LLC
> Attorneys for Plaintiffs
> 305 Broadway, Suite 1101
> New York, NY 10007
> (212) 587-0760

3. I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/ Jeannine R. Idrissa
Jeannine R. Idrissa

Dated: October 1, 2007

Firmwide:83165842.1 046687.1056