LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
   Tristar Title, LLC and Sharon Linari
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 583-9600

COURTESY COPY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-3-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MELISSA ALMANZAR and KELVIN ALMANZAR,

        Plaintiffs,

-against-

THOMAS HANKA, SHARON LINARI, TRISTAR TITLE, LLC and TRISTAR TITLE AGENCY, LLC,

        Defendants.

Case No. 07 CIV 3894 (LTS) (HBP)

STIPULATION AND PROPOSED ORDER RE: CONFIDENTIAL INFORMATION

---

**WHEREAS**, Plaintiffs Melissa Almanzar and Kelvin Almanzar ("Plaintiffs") and Defendants Tristar Title, LLC and Sharon Linari (collectively referred to as "Defendants") are presently engaged in discovery; and

**WHEREAS**, some information sought by the parties or contained in documents sought by the parties is of a confidential and/or proprietary nature; and

**WHEREAS**, the purpose of this Stipulation and Proposed Order Re: Confidential Information (referred to herein as the "Stipulation," "Stipulation and Order" or "Order") is to permit the parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material;

IT IS HEREBY STIPULATED, as follows:

1. "Confidential Information" as used herein means any type or classification of information which is designated as "confidential" by counsel for the parties, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information. The parties and their counsel shall designate as "confidential" only information that the designating party produces in discovery or introduces into evidence in this action.

2. Information designated as "confidential" shall (a) be used by the parties only for the purpose of this litigation and not for any other purposes whatsoever and (b) not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone except as provided herein.

3. Certain information relating to Trister Title, LLC's clients may be confidential. Accordingly, client identifying information may be redacted from documents produced by Defendants in this matter.

4. In accordance with the provisions of paragraph 5 below, Confidential Information may be disclosed only to "Qualified Persons," who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else. The term, "Qualified Persons," means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiffs' counsel assigned to this litigation; (b) any attorney, legal assistant, secretary, or clerk employed by, or a member of, Defendants' counsel assigned to this litigation; (c) any expert employed or retained by the parties or their attorneys solely for the purpose of assisting such attorneys in the preparation of this action for trial; (d) the parties (and any corporate successor or affiliate) to this action; (e) any judge that exercises

-2-

jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed in the Chambers of said Judge; and (f) any court reporter. The foregoing definition of "Qualified Persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons.

5. Any information, whether oral or written, designated confidential may be disclosed only to Qualified Persons who, prior to such disclosure, have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the parties may sign this Stipulation on behalf of the parties they represent and those Qualified Persons who are members of or employed by their respective firms, and (ii) Confidential Information may be disclosed to those Qualified Persons described in paragraph 4(e) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Agreement or Exhibit A, each Qualified Person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation and Order. All endorsed copies of Exhibit A shall be retained by the parties' counsel that requested each Qualified Person's endorsement.

6. Each Qualified Person shall maintain all Confidential Information disclosed to him or her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential Information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Order prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

09/17/2007  04:08  12125874169  LAW OFFICES  PAGE  04/08

7. Prior to any disclosure of Confidential Information to a Qualified Person within the category described in paragraph 4(c), counsel for the receiving party shall orally notify counsel for the designating party as to the identity of such Qualified Person, and promptly thereafter shall provide counsel for the designating party with a copy of Exhibit A as executed by such qualified person.

8. Any document containing Confidential Information that is filed with the Court and any pleadings, motions, or other papers filed with the Court that contain(s) or refer(s) to any Confidential Information shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of such filings with the Court shall be filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the provisions of this paragraph, and such waiver will not be unreasonably withheld.

9. In the event that a party objects to the designation of certain information as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the objecting party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Order.

10. The disclosure by one of the parties of a document or information to a qualified person without designating it as Confidential Information shall not constitute a waiver of that party's right to designate such document or information as Confidential Information and, if so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Order.

11. Nothing in this Order shall preclude any party from seeking to modify this Order.

12. At the conclusion of this action, each party shall return to the other all

- 4 -

documentary material embodying information designated by the other as confidential, including all copies of or excerpts from summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such confidential records, provided he/she/it does so promptly at the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed within 30 days of the conclusion of this action.

13. This Stipulation and Order shall be binding on all qualified persons and all other persons having knowledge of its terms. It is enforceable by any sanction deemed appropriate by the Court.

14. This Stipulation and Order may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

15. The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this lawsuit.

Date: September 27, 2007

_____
Jennifer R. Idrissou (JI-9809)
Andrew Marks (AM-####)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 583-9600

Attorneys for Defendants
Tristar Title, LLC and Sharon Linari

-5-

Date: September 17, 2007

                                                                           _____
                                                                           Derek T. Smith (DTS 1747)
                                                                           AKIN & SMITH, LLC
                                                                           305 Broadway, Suite 1101
                                                                           New York, New York 10007
                                                                           212.587.0760

                                                                           Attorneys for Plaintiffs
                                                                                Melissa Almanzar and Kelvin Almanzar

SO ORDERED.

Dated: OCT. 3, 2007
           New York, New York

                                                                           _____
                                                                           United States District Judge

-6-

## EXHIBIT "A"

## AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Order in the action entitled, Melissa Almanzar and Kelvin Almanzar v. Thomas Hanks, Sharon Linari, Tristar Title, LLC and Tristar Title Agency, LLC, Case No. 07 CIV 3894 (LTS) (HBP), and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of New York or the New York State Supreme Court in the County of New York with respect to any controversy arising out of an alleged violation of the Stipulation and Order.

_____       _____
Date                             Signature

                                 _____
                                 Name Printed

                                 _____
                                 _____
                                 Business Address
                                 (including Name of Employer, if any)

                                 _____
                                 _____
                                 Home Address